IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOBBY CHARLES CANADY, §
      Petitioner, §
     §
v. §  No. 3:17-cv-1338-M (BT)
     §
LORIE DAVIS, *Director,* TDCJ-CID §
      Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Bobby Canady, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred this resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b) and Special Order 3-251. For the following reasons, the magistrate judge recommends that petition be denied.

I.

Petitioner pleaded guilty to possession with intent to deliver a controlled substance, enhanced, and was sentenced to twenty years in prison. *State of Texas v. Bobby Charles Canady*, No. F-15-56073-R (265th Jud. Dist. Ct., Dallas County, Tex., Apr. 5, 2016). Petitioner did not appeal. Petitioner filed a state habeas petition, *Ex parte Canady*, No. 60,097-09, which the Court of Criminal Appeals denied without written order on the findings of the trial court.

1

Petitioner then filed a § 2254 petition and an amended petition in federal court,

in which he raises the following grounds for relief:

1.      His conviction was the result of an illegal search of his person and his car;

2.      The arrest warrant was invalid;

3.      He received ineffective assistance of counsel and his guilty plea was involuntary because his attorney: (a) was not an MH/MR attorney; and (b) threatened or coerced him into pleading guilty;

4.      The trial court erred in not granting him a competency exam; and

5.      The trial court erred in denying his motion to suppress evidence and his motion to dismiss his attorney.

II.

A.      **Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of

1996 (the "AEDPA"), 28 U.S.C. § 2254 provide:

(d)      An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

2

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**B.    Guilty Plea**

Petitioner argues his guilty plea was involuntary because, (1) his counsel was not a Mental Health/Mental Retardation ("MH/MR") attorney, and (2) counsel threatened or coerced him into pleading guilty.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

The record shows Petitioner knowingly and voluntarily entered his guilty plea. At the plea hearing, the court explained the charges to Petitioner, and

Petitioner stated he understood the charges. (ECF No. 18-23 at 4.) Petitioner further stated he understood he had the right to a jury trial and that he was waiving his trial rights and pleading guilty. (*Id.* at 6-7.) Petitioner asked questions about his plea bargained sentence, and confirmed his sentence would run concurrently to a previous sentence. (*Id.* at 7-11.) Petitioner agreed that he was pleading guilty voluntarily and that he made the decision to plead guilty. (*Id.* at 5.) Additionally, Petitioner signed a plea agreement in which he acknowledged his right to a jury trial, agreed that the plea agreement had been explained to him, and admitted he committed the offense as charged. (ECF No. 18-20 at 86-88.) Petitioner also signed a judicial confession in which he admitted committing the offense. (*Id.* at 89.) Petitioner has failed to establish that his plea was involuntary.

## C.    Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.*

at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.* at 206 (citing *Hill*, 474 U.S. at 56-58).

5

## 1.    Threats

Petitioner claims his counsel was ineffective because she threatened or

coerced him into pleading guilty. On state habeas review, defense counsel filed an

affidavit responding to Plaintiff's claims. Counsel stated:

> Mr. Canady was true billed by the Grand Jury on August
> 6, 2015 with two habitual offender paragraphs,
> enhancing the range of punishment to that of a
> minimum of 25 years in the Texas Department of
> Criminal Justice to a maximum of 99 years or Life.
>
> * * * *
>
> The case was initially assigned to one prosecutor, but
> there was a change of the court personnel shortly before
> trial. Mr. Canady had earlier indicated to me that he
> would consider a plea of 5 years TDCJ, so I made the
> effort to re-open negotiations before trial. The ADA was
> completely overwhelmed when she took over the docket,
> and was looking to move some of the cases she had set
> for trial. She made an offer of the minimum, 2 years
> TDCJ, and I brought Mr. Canady to court before our
> pre-trial conference. It was a one day only plea offer.
> The Judge admonished Mr. Canady on the record,
> explaining the charge, range of punishment and the
> state's offer. She additionally explained the offer was
> only good for that day and it would be off the table
> afterwards. He rejected the offer and told the Judge he
> intended to represent himself. She reset the matter to
> our pretrial conference on March 25, which was later
> reset to March 28, 2016.
>
> We had pretrial matters heard on March 28, 2016. The
> ADA told me she intended to file a notice to seek a
> Drug-Free Zone finding and would amend her Notice of
> Enhancements to include and/or all his felony
> convictions, so that if any of his older felonies have bad
> prints or other reasons she cannot prove them true,
> there were many habitual enhancement paragraphs the

6

jury could find true to ensure the punishment range would be 25-99 or Life. The State made a new offer of 7 years TDCJ.

In an effort to encourage Mr. Canady to consider the newest plea negotiation, I had Nan Hendrickson speak to him on March 28 herself -- detailing the issues with the case and the very real possibility of losing the Motion [to suppress], losing the trial and looking at a minimum of 25-99 or Life with a DFZ finding. Mrs. Hendrickson's husband and criminal defense attorney, Mark Hendrickson, happened to be walking through the court when she was speaking with Mr. Canady. Nan was concerned Mr. Canady turned down the plea and her husband offered to speak to him -- just to make sure we have adequately explained the gigantic risk Mr. Canady was taking. Additionally, the Judge again admonished Mr. Canady on the record and told him the offer would be off the table afterwards. Mr. Canady decided he did not want to represent himself, kept me on his case, rejected the 7 year TDCJ offer and insisted on trial. After both Nan and Mark Hendrickson spoke to him, I further explained to Mr. Canady that through discovery, we found a jail phone call wherein the he admitted to the offense in great detail and it would only be further critical evidence against him. I offered to bring him into court to hear the call; he insisted he knows he did not say anything and he did not need to hear it.

We came for trial on April 4, 2016. I had another Public Defender in the office sitting second chair with me and we announced ready for trial. We were unable to get a jury panel that day, and we were brought back for trial on April 5. While the jury was in the hallway and the ADA was out of the room, Mr. Canady was sitting in court and I decided to play the tape of the jail phone wherein he admits to the offense. After listening to it, he looked at me and said he wanted to take 2 years; I reminded him the offers were off the table but I would see if the ADA would offer anything. The ADA absolutely would not offer the 2 or 7, was ready for trial

7

> and had all evidence she needed for every day of 25-99
> or Life. I implored with her my client's age and mental
> and physical health. The ADA reluctantly offered 20
> years TDCJ and Mr. Canady agreed to take the deal. I
> told him that meant we would not hear motion to
> suppress or have a trial – and this is the course Mr.
> Canady chose to take. I had announced ready and we
> were prepared to hear the motion and go to trial.

(ECF No. 18-19 at 8-10.)

Although Petitioner argues his counsel's actions threatened or coerced him into pleading guilty, a defense attorney "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). Additionally, although the jail phone call is not included in the record, it appears Petitioner admitted committing the offense on the recorded call. If Petitioner proceeded to trial and was found guilty, his minimum sentence was higher than the twenty year plea bargain.  Petitioner has failed to show that his counsel threatened or coerced his guilty plea, or that his counsel was ineffective. Petitioner's claim should be denied.

## 2.    MHMR Attorney

Petitioner claims his counsel was ineffective because she was not an

MH/MR attorney. On state habeas review defense counsel submitted an affidavit

in response stating:

> As far as Mental Health/Mental Retardation (MH/MR)
> attorneys, there is actually no such distinction. No one
> on the court appointed wheel of attorneys or within the
> Public Defender's Office are specifically "MH/MR"
> attorneys. There are several attorneys who may
> specialize in MH/MR and take on clients who primarily
> have MH/MR issues, but no one is employed or
> appointed as a "MH/MR" attorney in Dallas County.
> However, I do happen to specialize in MH/MR cases,
> and carry the entire Dual Diagnosis Aftercare Specialty
> Court docket, in addition to my regular court docket.
> Dual Diagnosis is clients that have substance abuse and
> concurrent mental health diagnoses, such as major
> depressive disorder, bi-polar, schizoaffective and/or
> borderline personality. I have been assigned to the DDC
> Aftercare Specialty court since August 2014 and am
> especially knowledgeable in working with clients with
> MH/MR issues. While Mr. Canady was part of my
> regular docket, I am more than competent to handle
> cases of individuals with MH/MR issues, including his.

(ECF No. 18-19 at 8.)

Further, Petitioner has not specified how his counsel was ineffective. To the

extent he may be claiming he was incompetent and that his counsel failed to raise

his competency, he has submitted no evidence that he was incompetent at the

time of the offense, or the plea. This claim should be denied. *See Ross v. Estelle*,

694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory

allegations do not raise constitutional issues in habeas proceedings).

9

**D.    Trial Error**

Petitioner claims the trial court erred when it denied his motion for a competency exam, motion to suppress, and motion to dismiss his attorney and represent himself.

On federal habeas review of state court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38 (1993). To be actionable, a trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776 (1946)). Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice. *See Brecht,* 507 U.S. at 637. "[A] state defendant has no constitutional right to an errorless trial." *Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984).

Here, the state court found no evidence that Petitioner requested a competency exam. (ECF No. 18-19 at 5.)  Further, Petitioner has submitted no evidence of his alleged incompetency, and defense counsel submitted an affidavit on state habeas review stating:

> At no time during my representation did I have concern that Mr. Canady was incompetent.  We often disagreed because he had his interpretation of the law which was often different that the actual, legal analysis of the law. But he was never in a position where he could not understand what he was charged with or unable to assist counsel in defending the case. In fact, he was quite the opposite and took a very active role in formulating a defense.

10

(ECF No. 18-19 at 8.)  Petitioner's claim should be denied.

Petitioner also claims the trial court erred when it denied his motion to suppress the search of his person and his car. On state habeas review, defense counsel submitted an affidavit stating:

> Mr. Canady believed that the search of his car was illegal and wanted a Motion to Suppress heard. After Mr. Canady turned down the State's negotiated offer to strike the paragraphs and plead to 7 years TDCJ, his case was set for trial on April 4, 2016. I filed a Motion to Suppress before trial and told Mr. Canady I would carry the motion with the trial, meaning it would be heard and decided on during the trial. I brought an appellate attorney within our office, Nan Hendrickson, into the case to help prepare the Motion to Suppress and trial. My research had led me to conclude the MTS had no merit, and she came to the same conclusion on her own research. Mr. Canady certainly disagreed with our conclusions on the law. But, as a trial strategy, I chose to have the Motion to Suppress carried with the trial.

(ECF No. 18-19 at 9.)  Petitioner pleaded guilty before trial, so the motion to suppress was not argued to the court. (*Id.* at 10.)  Further, when Petitioner pleaded guilty he admitted all essential elements of the offense. Petitioner's trial error claim is without merit.

Finally, Petitioner argues the trial court erred when it denied his motion to dismiss defense counsel and represent himself. On state habeas review, the trial court rejected Petitioner's claim, stating:  "While Applicant may have advised the Court of his desire to represent himself, at the next court appearance, he withdrew that request and advised the Court that he wanted [defense counsel] Tabor to

continue representing him." (ECF No. 18-19 at 5.)  Additionally, defense counsel filed an affidavit on state habeas review stating:  "Mr. Canady decided he did not want to represent himself, [and] kept me on his case[.]"  (*Id.* at 9.)  Petitioner has failed to establish trial error.

## E.     Fourth Amendment Claims

Petitioner claims police illegally searched him and his car, and that the arrest warrant was invalid.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). The Fifth Circuit has held that:

> An "opportunity for full and fair litigation" means just
> that: an opportunity. If a state provides the processes
> whereby a defendant can obtain full and fair litigation of
> a fourth amendment claim, *Stone v. Powell* bars federal
> habeas corpus consideration of that claim whether or
> not the defendant employs those processes.

*Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); s*ee also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (same). A habeas petitioner must plead and prove that the state court proceeding was inadequate to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372-73 (5th Cir. 1986).

12

Petitioner has failed to show he did not have a full and fair opportunity to raise his Fourth Amendment claims in state court. Instead of raising these claims, Petitioner chose to plead guilty. Petitioner's claims should be denied.

**F.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

III.

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed July 16, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

14